■ GREGORY P. SCIALDONE, Appellant, v JOHN DEROSA, JR., et al., Respondents, et al., Defendants. [48 NYS3d 471]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated April 8, 2013, as granted that branch of the motion of the defendant Lisa DeRosa which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her, and (2) so much of an order of the same court dated August 13, 2013, as granted that branch of the motion of the defendants John DeRosa, Jr., and J.S. De Management, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and denied that branch of the plaintiff's motion which was for leave to reargue his opposition to the motion of the defendant Lisa DeRosa.

Ordered that the appeal from so much of the order dated August 13, 2013, as denied that branch of the plaintiff's motion which was for leave to reargue his opposition to the motion of the defendant Lisa DeRosa is dismissed, as no appeal lies from an order denying reargument (see *Viola v Blanco*, 1 AD3d 506, 507 [2003]); and it is further,

Ordered that the order dated April 8, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated August 13, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The plaintiff is a resident of an apartment complex owned and operated by the defendants John DeRosa, Jr., Lisa DeRosa, and J.S. De Management, Inc. This action, and several others, arose out of a dispute over the plaintiff's claim to entitlement to a third parking space at the complex. In this action, which was commenced in 2012 by the filing of a summons with notice, the plaintiff alleges that the defendants, among other things, defamed him in a letter about the dispute, which was sent to various people, including friends and relatives. The plaintiff and at least some of the individual defendants are related to each other. In the letter, the plaintiff was described as

"quixotic," "self-absorbed," "narcissistic," "ungrateful," and "delusional," and referred to as a "paranoid pompous ass."

In January 2013, Lisa DeRosa moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her. In an order dated April 8, 2013, the Supreme Court granted that branch of her motion. A few days later, John DeRosa, Jr., and J.S. De Management, Inc., moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The plaintiff opposed the motion and moved, inter alia, for leave to reargue his opposition to Lisa DeRosa's motion. In an order dated August 13, 2013, the court, inter alia, granted that branch of the motion of John DeRosa, Jr., and J.S. De Management, Inc., which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them, and denied that branch of the plaintiff's motion which was for leave to reargue his opposition to Lisa DeRosa's motion. The plaintiff appeals.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Bibbo v Arvanitakis*, 145 AD3d 657, 659 [2016]; *Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]).

The Supreme Court properly granted those branches of the respective motions of Lisa DeRosa and John DeRosa, Jr., and J.S. De Management, Inc., which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against each of them. The court properly granted dismissal of the first, second, and third causes of action, which alleged defamation per se, because none of the alleged per se defamatory statements stated that the plaintiff had committed a serious crime or suffered from a "loathsome disease," or was a statement that would tend to injure the plaintiff in his trade, business, or profession (*Liberman v Gelstein*, 80 NY2d 429, 435 [1992]). The court properly granted dismissal of the fourth, fifth, and sixth causes of action, which alleged defamation, because a reasonable reader would have concluded that the statements constituted expressions of opinion, which are not actionable, rather than statements of fact, which are (*see Mann v Abel*, 10 NY3d 271, 276 [2008]; *Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993]; *Silverman v Daily News, L.P.*, 129 AD3d 1054, 1055 [2015]; *Fleischer v NYP Holdings, Inc.*, 104 AD3d 536,

538 [2013]). The court properly granted dismissal of the seventh and eighth causes of action, which alleged "harassment," because New York does not recognize a common-law cause of action alleging "harassment" (*see Shahid v City of New York*, 144 AD3d 1127, 1128 [2016]; *Mago, LLC v Singh*, 47 AD3d 772, 773 [2008]). Finally, the court properly granted dismissal of the ninth cause of action, which alleged intentional infliction of emotional distress, because the complaint failed to allege conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983], quoting Restatement [Second] of Torts § 46, Comment *d*; *see Taggart v Costabile*, 131 AD3d 243, 250-251 [2015]; *Baumann v Hanover Community Bank*, 100 AD3d 814, 817 [2012]; *McGovern v Nassau County Dept. of Social Servs.*, 60 AD3d 1016, 1018 [2009]).

The plaintiff's remaining contentions are without merit. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.