Bank of Am., N.A. v Evanson (2021 NY Slip Op 06601)





Bank of Am., N.A. v Evanson


2021 NY Slip Op 06601


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-03702
2018-13761
 (Index No. 29046/13)

[*1]Bank of America, N.A., plaintiff, 
v
Michelle Evanson, appellant, et al., defendants; Bayview Loan Servicing, LLC, nonparty-respondent. (Appeal No. 1) Bayview Loan Servicing, LLC, respondent, Michelle Evanson, appellant, et al., defendants. (Appeal No. 2)


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jackie Halpern Weinstein of counsel), for nonparty-respondent in Appeal No. 1 and respondent in Appeal No. 2.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michelle Evanson appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated December 21, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered August 10, 2018. The order, insofar as appealed from, granted those branches of the motion of Bayview Loan Servicing, LLC, which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order, granted the motion of Bayview Loan Servicing, LLC, to confirm the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the motion of Bayview Loan Servicing, LLC, which were for summary judgment on the complaint insofar as asserted against the defendant Michelle Evanson, to strike that defendant's answer, and for an order of reference are denied, the order dated December 21, 2017, is modified accordingly, and the motion of Bayview Loan Servicing, LLC, to confirm the referee's report is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant Michelle Evanson.
The appeal from the intermediate order must be dismissed because the right of direct [*2]appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In October 2013, Bank of America, N.A. (hereinafter BoA), commenced this action against the defendant Michelle Evanson (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Suffolk County. After the defendant joined issue, BoA's successor-in-interest, Bayview Loan Servicing, LLC (hereinafter Bayview), moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and the defendant cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In an order dated December 21, 2017, the Supreme Court, among other things, granted those branches of Bayview's motion and denied the defendant's cross motion. In August 2018, the court entered an order and judgment of foreclosure and sale, inter alia, granting Bayview's motion to confirm the referee's report and directing the sale of the subject property. The defendant appeals.
As the defendant correctly contends, Bayview failed, prima facie, to establish its strict compliance with the requirements of RPAPL 1304. Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20), "and the plaintiff has the burden of establishing satisfaction of this condition" (PennyMac Corp. v Arora, 184 AD3d 652, 654 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309).
Here, in support of its motion Bayview submitted the affidavit of Nicole Currey, a supervisor for Bayview, who attached to her affidavit copies of various documents generated by nonparty Walz Group, Inc. (hereinafter Walz), to establish compliance with the mailing requirements of RPAPL 1304. However, Currey failed to address the nature of the relationship between Walz and BoA, and Bayview's submissions were insufficient to establish a foundation for the admission of the business records relied upon by Bayview to establish compliance with RPAPL 1304 (see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152; U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757; cf. Wells Fargo Bank, N.A. v Benitez, 194 AD3d 986, 987-988). Therefore, Bayview failed to demonstrate, prima facie, its strict compliance with the 90-day notice requirement of RPAPL 1304, and the Supreme Court should have denied those branches of Bayview's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. Therefore, the order and judgment of foreclosure and sale must be reversed.
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court