Muchnik v Mendez Trucking, Inc. (2023 NY Slip Op 00100)

Muchnik v Mendez Trucking, Inc.

2023 NY Slip Op 00100

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2021-00434
 (Index No. 503591/17)

[*1]Michael Muchnik, et al., respondents,
v
Mendez Trucking, Inc., et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless and Scott H. Stopnik of counsel), for appellants.
Goidel & Siegel, LLP, New York, NY (Jonathan M. Goidel and Rebecca M. Grossberg of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 20, 2020. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were to compel the defendant Richard Gutierrez to appear for a deposition on or before a date certain, and to preclude him from entering any evidence at trial if he failed to appear for a deposition on or before that date.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were to compel the defendant Richard Gutierrez to appear for a deposition on or before a date certain, and to preclude him from entering any evidence at trial if he failed to appear for a deposition on or before that date are denied.
The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained in a motor vehicle accident that occurred on July 14, 2016. The defendants together interposed an answer. On December 10, 2019, the Supreme Court issued an order, inter alia, directing that the defendant Richard Gutierrez's deposition be held on or before February 2,
2020.
By notice of motion dated February 6, 2020, the plaintiffs moved, inter alia, to compel Gutierrez to appear for a deposition on a date certain, and to preclude him from entering any evidence at the time of trial in defense of the action if he failed to appear for the deposition on the scheduled date, or alternatively, to strike his answer. In support of the motion, the plaintiffs' counsel stated that the defendants, including Gutierrez, did not appear for depositions on February 2, 2020, as directed by the order dated December 10, 2019. The plaintiffs' counsel submitted with the motion an affirmation of good faith, which stated that the plaintiffs' counsel's "office has conferred with counsel for Defendants regarding matters that are the subject of this motion," and despite efforts "to obtain the deposition testimony of Defendants, depositions of Defendants have not gone forward to [*2]date, thereby making the instant motion necessary."
The defendants, inter alia, opposed those branches of the motion which sought to compel the deposition of Gutierrez and to impose sanctions in the event Gutierrez failed to appear for a deposition. The defendants contended, among other things, that the plaintiffs' motion was procedurally defective because the plaintiffs failed to submit an appropriate affirmation of good faith, as required by 22 NYCRR 202.7(c).
In an order dated November 20, 2020, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were to compel the defendant Richard Gutierrez to appear for a deposition on or before a date certain, and to preclude him from entering any evidence at trial if he failed to appear for a deposition on or before that date. Specifically, the order directed that Gutierrez and his codefendant appear for depositions by February 19, 2021, that "[a]ll parties are directed to cooperate with deposition scheduling," and that "failure of party or parties to appear for depositions shall result in preclusion pursuant to CPLR 3126(2) without further order of the court." The order provided that it was "a self executing order."
The defendants appeal from so much of the order as directed Gutierrez to appear for a deposition by February 19, 2021, and directed that "failure of party or parties to appear for depositions shall result in preclusion."
Pursuant to 22 NYCRR 202.7(a) and (c), a motion relating to disclosure must be accompanied by an affirmation from moving counsel attesting to a good faith effort to resolve the issues raised in the motion, including the time, place, and nature of the consultation as well as the issues discussed. Here, the affirmation of good faith submitted by the plaintiffs' counsel in support of their motion to compel disclosure and for other related relief failed to provide any detail of their efforts to resolve the issues. Therefore, the plaintiffs' motion should have been denied (see Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 844; Bronstein v Charm City Hous., LLC, 175 AD3d 454, 455; Ovcharenko v 65th Booth Assoc., 131 AD3d 1144, 1144-1145; Natoli v Milazzo, 65 AD3d 1309, 1310-1311).
In light of our determination, the plaintiffs' remaining contentions have been rendered academic.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court