Behar v Wiblishauser (2023 NY Slip Op 04357)

Behar v Wiblishauser

2023 NY Slip Op 04357

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-04561
 (Index No. 32456/09)

[*1]Edward J. Behar, et al., appellants, 
v
Michael Wiblishauser, et al., respondents.

Donald Leo & Associates, P.C. (John F. Clennan, Ronkonkoma, NY, of counsel), for appellants.
Germano & Cahill, P.C., Holbrook, NY (Alyssa Solarsh-Sinatra and G. William Germano, Jr., of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to compel the determination of claims to real property and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Andrew A. Crecca, J.), dated June 21, 2021. The order, insofar as appealed from, denied that renewed branch of the plaintiffs' motion which was to compel the defendants to provide certain discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs and the defendants own adjoining residential properties in Dix Hills. In 2009, the plaintiffs commenced this action pursuant to RPAPL article 15 to compel the determination of claims to real property, alleging that the defendants' driveway encroached three feet onto their property, and for an injunction requiring the defendants to remove the encroachment. In a decision and order dated October 17, 2012, this Court reversed a judgment in favor of the plaintiffs and against the defendants, upon concluding that the plaintiffs had erroneously been awarded summary judgment (see Behar v Wiblishauser, 99 AD3d 838).
In or about December 2019, the plaintiffs moved pursuant to CPLR 3124 and 3126 to compel the defendants to provide certain discovery. By order dated May 18, 2020, the Supreme Court denied the motion with leave to renew upon the submission of proper papers, explaining that the motion failed to include an affirmation in good faith, as required by 22 NYCRR 202.7. The plaintiffs thereafter, inter alia, renewed their prior motion. The renewed branch of the motion was again denied, by order dated June 21, 2021, for failure to comply with 22 NYCRR 202.7. The plaintiffs appeal from that portion of the June 21, 2021 order.
Pursuant to 22 NYCRR 202.7, all motions relating to disclosure or to a bill of particulars must include "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (22 NYCRR 202.7[a]; see Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641). "The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with [*2]counsel for opposing parties was held" (22 NYCRR 202.7[c]; see Muchnik v Mendez Trucking, Inc., 212 AD3d at 641). "Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 844).
Here, in connection with the renewed branch of their motion which was to compel the defendants to provide certain discovery, the only information the plaintiffs provided as to their efforts at resolving the alleged discovery issues was a series of dates (month and date only) on which their attorney claims to have made, or attempted to make, contact with the defendants' attorney regarding discovery. The plaintiffs did not specify the manner in which the communications were made, by whom or to whom they were made, any details regarding the content of the communications, or even the year in which the communications were made. Under the circumstances, the renewed branch of the plaintiffs' motion which was to compel discovery was properly denied for failure to substantively comply with the requirements of 22 NYCRR 202.7 (see Muchnik v Mendez Trucking, Inc., 212 AD3d at 641; Winter v ESRT Empire State Bldg., LLC, 201 AD3d at 844; Bronstein v Charm City Hous., LLC, 175 AD3d 454, 455). We further note that, other than a bill of particulars on the counterclaim, it is not clear what discovery the plaintiffs were seeking, as no discovery orders were attached to the motion and the only other demands submitted with the motion bore a different caption and index number from the instant action.
The defendants' remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court