Sanchez v St. John's Univ. (2024 NY Slip Op 00922)

Sanchez v St. John's Univ.

2024 NY Slip Op 00922

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-02722
 (Index No. 714894/19)

[*1]Clara Plazas Sanchez, appellant, 
v
St. John's University, et al., respondents (and a third-party action).

Chopra & Nocerino, LLP, Garden City, NY (Alex Nocerino of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains, NY (Veronica A. Zurino of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated March 4, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 for discovery sanctions against the defendant St. John's University or, in the alternative, in effect, pursuant to CPLR 3124 to compel that defendant to produce certain discovery.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2019, the plaintiff commenced this action against the defendant St. John's University (hereinafter the defendant), and another defendant, to recover damages for personal injuries she alleged she sustained while cleaning a window at the defendant's premises. Thereafter, the plaintiff served a combined demand for discovery and a separate notice for discovery and inspection, both dated February 13, 2020.
By motion dated March 1, 2021, the plaintiff moved, inter alia, pursuant to CPLR 3126 for discovery sanctions against the defendant. By order dated June 1, 2021, the Supreme Court, among other things, denied the plaintiff's motion and directed the defendant to produce certain discovery to the extent not already produced.
In May 2021, the plaintiff served a post-deposition demand for discovery, to which the defendant provided a response in October 2021. By motion dated November 24, 2021, the plaintiff moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer or to preclude the defendant from offering evidence or testimony at the time of trial, or, in the alternative, in effect, pursuant to CPLR 3124 to compel the defendant to produce certain discovery. By order dated March 4, 2022, the Supreme Court, among other things, denied that branch of the motion which was pursuant to CPLR 3126 for discovery sanctions against the defendant or, in the alternative, in effect, pursuant to CPLR 3124 to compel the defendant to produce certain discovery. The plaintiff appeals. We affirm, albeit on grounds different than those relied upon by the court.
"Pursuant to 22 NYCRR 202.7(a), all motions relating to disclosure or to a bill of [*2]particulars must include 'an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion'" (Behar v Wiblishauser, 219 AD3d 793, 794; see Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641). "'The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held'" (Behar v Wiblishauser, 219 AD3d at 794, quoting 22 NYCRR 202.7[c]; see Muchnik v Mendez Trucking, Inc., 212 AD3d at 641). "'Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion'" (Behar v Wiblishauser, 219 AD3d at 794, quoting Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 844).
Here, in connection with that branch of the plaintiff's motion which was pursuant to CPLR 3126 for discovery sanctions against the defendant or, in the alternative, in effect, pursuant to CPLR 3124 to compel the defendant to produce certain discovery, the plaintiff failed to submit an affirmation of good faith in compliance with the requirements of 22 NYCRR 202.7(c) (see Behar v Wiblishauser, 219 AD3d at 793; Muchnik v Mendez Trucking, Inc., 212 AD3d at 641). Accordingly, that branch of the plaintiff's motion was properly denied.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court