Bayview Loan Servicing, LLC v Evanson (2024 NY Slip Op 04367)

Bayview Loan Servicing, LLC v Evanson

2024 NY Slip Op 04367

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-08907
 (Index No. 29046/13 )

[*1]Bayview Loan Servicing, LLC, respondent, 
v
Michelle Evanson, appellant, et al., defendants.

Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michelle Evanson appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated October 6, 2022. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3126(3) to strike the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The factual and procedural history of this action is set forth in this Court's decision and order on a prior appeal (see Bank of Am., N.A. v Evanson, 199 AD3d 973). On the prior appeal, this Court, inter alia, reversed an order and judgment of foreclosure and sale entered August 10, 2018, granting the plaintiff's motion to confirm a referee's report and directing the sale of certain real property located in Suffolk County on the ground that the plaintiff failed to demonstrate its strict compliance with the 90-day notice requirement of RPAPL 1304 (see id. at 975).
As relevant to this appeal, in December 2021, the defendant Michelle Evanson (hereinafter the defendant) served the plaintiff with discovery demands, and, having received no response to the discovery demands, in March 2022, the defendant again served the plaintiff with the discovery demands with a letter warning that failure to respond within 90 days of receipt of the discovery demands and the letter would result in a motion to strike the complaint. The defendant did not assert that the defendant's counsel conferred with the plaintiff's counsel in person or by telephone to resolve the purported discovery issues, and the defendant did not move to compel discovery.
In August 2022, the defendant moved pursuant to CPLR 3126(3) to strike the complaint insofar as asserted against her based on the plaintiff's failure to comply with the defendant's discovery demands. The plaintiff opposed the motion and cross-moved pursuant to CPLR 3103(a) for a protective order striking the defendant's discovery demands, contending, inter alia, that the demands were wholly immaterial to the only remaining issue in the action—the plaintiff's compliance with RPAPL 1304. The Supreme Court, among other things, denied the defendant's motion on the ground that the defendant did not proceed "in conformity with" 22 NYCRR 202.20-f. The defendant appeals.
"To the maximum extent possible, discovery disputes should be resolved through informal procedures, such as conferences, as opposed to motion practice" (22 NYCRR 202.20-f[a]). All discovery motions must include "an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion" (id. § 202.7[a]; see Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641). "The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held" (22 NYCRR 202.7[c]; see Behar v Wiblishauser, 219 AD3d 793, 794). "Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion" (Behar v Wiblishauser, 219 AD3d at 794 [internal quotation marks omitted]).
Further, in the absence of exigent circumstances, "prior to contacting the court regarding a disclosure dispute, counsel must first consult with one another," by an in-person or telephonic conference, in a good faith effort to resolve all discovery disputes (22 NYCRR 202.20-f[b]). "In the event that a discovery dispute cannot be resolved other than through motion practice, each . . . discovery motion shall be supported by an affidavit or affirmation from counsel attesting to counsel having conducted an in-person or telephonic conference, setting forth the date and time of such conference, persons participating, and the length of time of the conference" (id.).
Here, contrary to the defendant's contention, the Supreme Court properly denied her motion pursuant to CPLR 3126(3) to strike the complaint insofar as asserted against her based on her failure to substantively comply with the requirements of 22 NYCRR 202.7 and 202.20-f(b) (see Behar v Wiblishauser, 219 AD3d at 795; Muchnik v Mendez Trucking, Inc., 212 AD3d at 641). In any event, the defendant's showing on the motion was wholly inadequate to warrant the extreme discovery sanction of striking the complaint (see Cyngiel v Krigsman, 224 AD3d 875, 877; Moran v Grand Slam Ventures, LLC, 221 AD3d 994, 997; Rivera v Caban, 214 AD3d 832, 833; U.S. Bank N.A. v Hadar, 206 AD3d 688, 690).
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court