Brown v Register (2026 NY Slip Op 01335)

Brown v Register

2026 NY Slip Op 01335

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-07757
2023-11984
 (Index No. 151498/21)

[*1]Linda Leilani Brown, respondent,
vJeffrey Register, etc., et al., appellants.

Special Hagan, Elmhurst, NY, for appellants.
Law Offices of Michael H. Joseph, PLLC, White Plains, NY (Clifford S. Nelson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Paul Marrone, Jr., J.), dated July 10, 2023, and (2) an order of the same court dated September 6, 2023. The order dated July 10, 2023, denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint. The order dated September 6, 2023, insofar as appealed from, granted those branches of the plaintiff's cross-motion which were pursuant to CPLR 3025(b) for leave to amend the amended complaint to assert an additional cause of action and certain additional factual allegations in support of the cause of action to recover damages for defamation, denied, in part, that branch of the defendants' motion which was pursuant to CPLR 3103 for a protective order, and denied that branch of the defendants' motion which was pursuant to CPLR 3123 to strike the plaintiff's notices to admit and discovery demands.
ORDERED that the order dated July 10, 2023, is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for defamation, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated July 10, 2023, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated September 6, 2023, is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's cross-motion which was pursuant to CPLR 3025(b) for leave to amend the amended complaint to assert additional factual allegations in support of the cause of action to recover damages for defamation, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order dated September 6, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The defendant Jeffrey Register is the president, owner, and operator of the defendant Galighticus, Inc. (hereinafter Galighticus). The plaintiff was a student and customer of Galighticus. She commenced this action to recover damages for defamation, a violation of Administrative Code of the City of New York § 10-180, and breach of contract. She thereafter amended the complaint and served certain discovery demands upon the defendants.
The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. [*2]The plaintiff opposed the motion and cross-moved pursuant to CPLR 3025(b) for leave to amend the amended complaint. The defendants opposed the cross-motion and separately moved pursuant to CPLR 3013 for a protective order and pursuant to CPLR 3123 to strike the plaintiff's notices to admit and discovery demands.
In an order dated July 10, 2023, the Supreme Court denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated September 6, 2023, the court, inter alia, granted, in part, the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the amended complaint, denied, in part, that branch of the defendants' motion which was pursuant to CPLR 3103 for a protective order, and denied that branch of the defendants' motion which was pursuant to CPLR 3123 to strike the plaintiff's notices to admit and discovery demands. The defendants appeal from both orders.
"'On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (We Transp., Inc. v Westbury Union Free Sch. Dist., 219 AD3d 865, 866, quoting Shah v Exxis, Inc., 138 AD3d 970, 971; see CPLR 3211[a][7]). "Nevertheless, conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (Jennings v Metropolitan Transp. Auth., 226 AD3d 662, 663 [internal quotation marks omitted]; see Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 774).
Pursuant to Administrative Code § 10-180(b)(1), "[i]t is unlawful for a covered recipient to disclose an intimate image, without the depicted individual's consent, with the intent to cause economic, physical or substantial emotional harm to such depicted individual, where such depicted individual is or would be identifiable to another individual either from the intimate image or from the circumstances under which such image is disclosed." A "'covered recipient' means an individual who gains possession of, or access to, an intimate image from a depicted individual, including through the recording of the intimate image" (id. § 10-180[a]). Here, the plaintiff alleged that she shared intimate photographs of herself with Register and that Register shared those images on Galighticus's Facebook page without her consent. Accordingly, the plaintiff stated a cause of action alleging a violation of Administrative Code § 10-180 (see id. § 10-180[a], [b][1]; Waterbury v New York City Ballet, Inc., 205 AD3d 154, 158-160), and the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss that cause of action.
The "'essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d 877, 879, quoting Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159). "To state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854 [internal quotation marks omitted]; see Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960). Applying these principles here, within its four corners, the amended complaint stated the elements of a cause of action to recover damages for breach of contract necessary to survive dismissal pursuant to CPLR 3211(a)(7) (see JM UC Group, LLC v Precious Care Mgt., LLC, 221 AD3d at 879; Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d at 1159). Specifically, the plaintiff alleged that she paid the defendants a specified sum of money in exchange for certain services, but that the defendants refused to fulfill the entirety of their obligations. Therefore, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for breach of contract.
"In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally" (CPLR 3016[a]). "The elements of a cause of action to recover damages for defamation are (1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace; (2) published without privilege or authorization to a third party; (3) amounting to fault as judged by a negligence standard, at a minimum; and (4) either causing special harm or constituting defamation per se" [*3](Sternberg v Wiederman, 225 AD3d 820, 821; see Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1034). "A defamatory statement is libelous per se if the statement tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him [or her] in the minds of right-thinking persons, and to deprive him [or her] of their friendly intercourse in society" (Martino v HV News, LLC, 114 AD3d 913, 914 [internal quotation marks omitted]; see Matovcik v Times Beacon Record Newspapers, 46 AD3d 636, 637). "'Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action'" (Whelan v Cuomo, 220 AD3d 979, 980, quoting Bowen v Van Bramer, 205 AD3d 674, 675). "Accordingly, '[a]n expression of pure opinion is not actionable . . . , no matter how vituperative or unreasonable it may be'" (Tsamasiros v Jones, 232 AD3d 816, 818, quoting Kasavana v Vela, 172 AD3d 1042, 1045).
Here, the plaintiff alleged in the amended complaint that the defendants posted on Galighticus's Facebook page that she is "disloyal," that she is someone with "charlatanism," that she acted with an "extreme level of disrespect," and other similar things. The plaintiff's allegations do not contain factual statements that could be proven true or false, meaning they constitute nonactionable opinion (see Stolatis v Hernandez, 161 AD3d 1207, 1209; Scialdone v DeRosa, 148 AD3d 741, 742). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for defamation.
In the order dated September 6, 2023, the Supreme Court properly denied, in part, that branch of the defendants' motion which was pursuant to CPLR 3103 for a protective order, and properly denied that branch of the defendants' motion which was pursuant to CPLR 3123 to strike the plaintiff's notices to admit and discovery demands. "All discovery motions must include 'an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion'" (Bayview Loan Servicing, LLC v Evanson, 230 AD3d 1091, 1092, quoting 22 NYCRR 202.7[a]; see Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641). "Failure to provide an affirmation of good faith which substantively complies with 22 NYCRR 202.7(c) warrants denial of the motion" (Winter v ESRT Empire State Bldg., LLC, 201 AD3d 842, 844; see 22 NYCRR 202.7[c]; Bronstein v Charm City Hous., LLC, 175 AD3d 454, 455). Here, the defendants failed to submit an affirmation of good faith in accordance with 22 NYCRR 202.7(c) (see Bayview Loan Servicing, LLC v Evanson, 230 AD3d at 1092; Behar v Wiblishauser, 219 AD3d 793, 795).
Additionally, the Supreme Court providently exercised its discretion in granting the plaintiff leave to amend the amended complaint to assert a cause of action alleging a violation of New Jersey Statutes Annotated § 2A:58D-1. "A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "'A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed'" (U.S. Bank N.A. v Cuesta, 208 AD3d 821, 822, quoting Gitlin v Chirinkin, 60 AD3d 901, 902). "'[L]eave to amend a pleading should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641, quoting DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025). Here, the plaintiff's second amended complaint stated a cause of action under the New Jersey law (see NJ Stat Ann § 2A:58D-1) that was not palpably insufficient or patently devoid of merit, and the delay in seeking to amend the amended complaint to include this cause of action did not prejudice or surprise the defendants (see TD Bank, N.A. v Keenan, 221 AD3d 1040, 1042).
However, the Supreme Court improvidently exercised its discretion in granting the plaintiff leave to amend the amended complaint to assert additional factual allegations in support of the cause of action to recover damages for defamation. The newly identified statements were not assertions of fact that can be proven true or false, either when read in isolation or in combination with the previously alleged statements. As such, these proposed amendments were patently devoid of merit (see Johnson v Ortiz Transp., LLC, 205 AD3d 696, 698).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court