Hernandez v City of New York

2026 NY Slip Op 01947

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Marie Hernandez, et al., appellants,

v

City of New York, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-01004, (Index No. 511113/14)

Linda Christopher, J.P.

Lillian Wan

Lourdes M. Ventura

Phillip Hom, JJ.

Law Office of Louis Venezia, P.C., Forest Hills, NY, for appellants.

Steven Banks, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and MacKenize Fillow of counsel), for respondents City of New York, Office of the Chief Medical Examiner of the City of New York, and New York City Department of Health and Mental Hygiene.

McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondent New York City Health and Hospitals Corporation.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the plaintiffs appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated December 4, 2024. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3126 to strike the answers of the defendant New York City Health and Hospitals Corporation and the defendants City of New York, Office of Chief Medical Examiner of the City of New York, and New York City Department of Health and Mental Hygiene.

ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action to recover damages for violation of the common-law right of sepulcher against, among others, the defendant New York City Health and Hospitals Corporation (hereinafter HHC) and the defendants City of New York, Office of Chief Medical Examiner of the City of New York, and New York City Department of Health and Mental Hygiene (hereinafter collectively the City defendants). In April 2024, the plaintiffs moved, inter alia, pursuant to CPLR 3126 to strike the answers of the City defendants and of HHC for failure to comply with the plaintiffs' discovery demands and court-ordered discovery and for spoliation of evidence. In an order dated December 4, 2024, the Supreme Court, among other things, denied those branches of the motion. The plaintiffs appeal.

HHC contends that the plaintiffs' motion was properly denied because the plaintiffs' attorney did not comply with the good faith requirements of 22 NYCRR 202.7. "Pursuant to 22 NYCRR 202.7, all motions relating to disclosure or to a bill of particulars must include 'an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to [*2]resolve the issues raised by the motion'" (Behar v Wiblishauser, 219 AD3d 793, 794, quoting 22 NYCRR 202.7[a]; see Muchnik v Mendez Trucking, Inc., 212 AD3d 640, 641). "'The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held'" (Behar v Wiblishauser, 219 AD3d at 794, quoting 22 NYCRR 202.7[c]; see Muchnik v Mendez Trucking, Inc., 212 AD3d at 641). Here, since the record reveals that the discovery dispute could not be resolved without court intervention, there was good cause for the plaintiffs' attorney's failure to confer with opposing counsel prior to making the motion (see Moran v Grand Slam Ventures, LLC, 221 AD3d 994, 996; Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1483).

"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126). "The determination of whether to strike an answer pursuant to CPLR 3126 is addressed to the sound discretion of the trial court" (Pinto v Tenenbaum, 105 AD3d 930, 931). Since public policy strongly favors the resolution of cases on the merits (see Warner v Orange County Regional Med. Ctr., 126 AD3d 887, 887), "the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (Jenkins v Proto Prop. Servs., LLC, 54 AD3d 726, 726-727 [internal quotation marks omitted]; see Laskin v Friedman, 90 AD3d 617, 617-618).

Here, the plaintiffs failed to make a clear showing that the City defendants or HHC willfully or contumaciously failed to comply with discovery demands or acted in bad faith (see Borchkhadze v McMahon, 235 AD3d 944, 946; Farrell v Keldiyarov, 234 AD3d 933, 935). Accordingly, the Supreme Court properly declined to strike the answers of the City defendants and of HHC based on their alleged failure to comply with discovery demands and court-ordered discovery.

The Supreme Court also properly declined to strike the answers of the City defendants and of HHC for spoliation of evidence. "[U]nder the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby preventing the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (May v American Multi-Cinema, Inc., 191 AD3d 657, 658 [alteration and internal quotation marks omitted]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 795 [internal quotation marks omitted]; see Washington v Church & Nostrand Apparel Corp., 238 AD3d 1096, 1098). "If the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed evidence was relevant to the party's claim or defense" (Phelps-Vachier v Genovese Drug Stores, Inc., 207 AD3d 582, 584 [alterations and internal quotation marks omitted]; see Schaum v Glass Gardens, Inc., 230 AD3d 711, 712-713).

Here, the plaintiffs failed to demonstrate that the City defendants or HHC intentionally or negligently spoliated evidence that was within their possession or control or that the absence of allegedly spoilated evidence deprived the plaintiffs of their ability to prove their claim (see Octobre v Soiefer, 240 AD3d 503, 506; De Abreu v Syed Rests. Enters., Inc., 231 AD3d 1116, 1118; Crosbie v KBC Food Corp., 190 AD3d 684, 686).

The plaintiffs' remaining contentions are either not properly before this Court or [*3]without merit.

CHRISTOPHER, J.P., WAN, VENTURA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court