O'Gara v Town of Babylon

2026 NY Slip Op 02847

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Robert T. O'Gara, appellant,

v

Town of Babylon, defendant, Suffolk County Police Department, respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2022-07258, (Index No. 611179/17)

Angela G. Iannacci, J.P.

Lara J. Genovesi

Carl J. Landicino

Laurence L. Love, JJ.

Robert Thomas O'Gara, named herein as Robert T. O'Gara, West Babylon, NY, appellant pro se.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Michael P. Coughlin of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated August 4, 2022, denying his motion, in effect, pursuant to CPLR 3126 to strike the answer of the defendant Suffolk County Police Department for failure to comply with discovery or, in the alternative, to compel discovery.

ORDERED that the order is affirmed, with costs.

In June 2017, the plaintiff commenced this action alleging, inter alia, that the defendant Suffolk County Police Department (hereinafter SCPD) failed to respond to an alleged series of break-ins at his home. In April 2022, the plaintiff moved, in effect, pursuant to CPLR 3126 to strike SCPD's answer for failure to comply with discovery or, in the alternative, to compel discovery. In an order dated August 4, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

The Supreme Court properly denied the plaintiff's motion on the ground that the plaintiff failed to submit an affirmation of good faith pursuant to 22 NYCRR 202.7(a)(2) detailing communications between the parties evincing a diligent effort to resolve the dispute or indicating good cause why no such communications occurred (see id. § 202.7[c]; Lewis v Bartow, 230 AD3d 750, 751; Behar v Wiblishauser, 219 AD3d 793, 793).

The plaintiff's remaining contentions need not be reached in light of our determination.

IANNACCI, J.P., GENOVESI, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court