U.S. Bank, N.A. v Akbar (2023 NY Slip Op 06161)

U.S. Bank, N.A. v Akbar

2023 NY Slip Op 06161

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2022-00313 
2022-08406
 (Index No. 2071/16)

[*1]U.S. Bank, National Association, etc., respondent,
v
Rizwan A. Akbar, et al., defendants, Faheem Khan, appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
J. Robbin Law, PLLC, Armonk, NY (Austin O'Brien and Jonathan M. Robbin of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Faheem Khan appeals from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 19, 2020, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also entered February 19, 2020. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the cross-motion of the defendant Faheem Khan to dismiss the complaint insofar as asserted against him. The order and judgment of foreclosure and sale, upon two orders of the same court (Thomas A. Adams, J.), both entered May 11, 2018, inter alia, granting those branches of the motion of Christiana Trust, the plaintiff's predecessor in interest, which were for summary judgment on the complaint insofar as asserted against the defendant Faheem Khan and for an order of reference, and upon the order entered February 19, 2020, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered February 19, 2020, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the motion of Christiana Trust which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered May 11, 2018, and February 19, 2020, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Faheem Khan.
The appeal from the order entered February 19, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from [*2]the order entered February 19, 2020, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Christiana Trust, the plaintiff's predecessor in interest, commenced this action to foreclose a mortgage on certain property located in Elmont against, among others, the defendant Faheem Khan (hereinafter the defendant). After the defendant interposed a verified answer with various affirmative defenses, Christiana Trust moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion, arguing, among other things, that triable issues of fact remained as to whether the plaintiff complied with RPAPL 1304 and the notice of default provisions of the mortgage agreement, and whether the defendant defaulted on the loan under the circumstances alleged in the complaint. In an order entered May 11, 2018, the Supreme Court, inter alia, granted those branches of the motion. On the same date, the court entered a separate order, among other things, granting those branches of the motion, striking the defendant's answer and affirmative defenses, and referring the matter to a referee to ascertain and compute the amount due on the loan.
The plaintiff then moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against him. By order entered February 19, 2020, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. On the same date, the court entered an order and judgment of foreclosure and sale, inter alia, granting the plaintiff's motion, confirming the referee's report, and directing the sale of the subject property. The defendant appeals.
"Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (JPMorgan Chase Bank, N.A. v Newton, 203 AD3d 902, 906). Here, Christiana Trust failed to submit admissible evidence establishing the defendant's default. In support of its motion, Christiana Trust submitted, inter alia, the affidavit of Kevin Elliott, a senior vice president of Christiana Trust's loan servicer, Rushmore Loan Management Services, LLC (hereinafter Rushmore). Based upon his review of Rushmore's business records maintained in the ordinary of course of business in servicing the defendant's loan, Elliott attested to the defendant's default in payment. However, Elliott failed to attach the business records on which he relied, and thus, his averment to the defendant's default was hearsay lacking in probative value (see Merrill Lynch Credit Corp. v Nicholson, 210 AD3d 758; JPMorgan Chase Bank, N.A. v Newton, 203 AD3d at 906; Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58).
Additionally, Christiana Trust failed to establish, prima facie, its strict compliance with RPAPL 1304 and the notice of default provisions of the mortgage agreement. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132 [citations and internal quotation marks omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1236).
Paragraphs 15 and 22 of the mortgage agreement in this matter additionally required service of a notice of default upon the defendant, by first-class mail or by actual delivery, to the address of the mortgaged property, or to a different notice address specified by the defendant, as a condition precedent to acceleration of the loan.
Here, in order to evidence the mailing of the 90-day notices and the notice of default, Christiana Trust again relied upon Elliot's affidavit as well as a second affidavit of mailing of Elliott. In the first affidavit, after attesting to his familiarity with Rushmore's business records and the defendant's default in payment, Elliott stated that he reviewed the 90-day notices sent to the defendant by certified and by first class mail to his last address, and attached copies of said notices. Elliott further confirmed that in accordance with the provisions of the mortgage agreement, a notice of default was mailed to the defendant at his last known address. In the affidavit of mailing, Elliott similarly attested that he was familiar with the business records maintained by Rushmore for the purpose of servicing mortgage loans, and that he had personal knowledge of the operation of the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in Rushmore's record-keeping systems. Elliott then attested that 90-day notices were mailed to the defendant in compliance with RPAPL 1304. Nevertheless, Elliott failed, in both of his affidavits, to attest that he personally mailed the subject notices or that he was familiar with the mailing practices and procedures of Christiana Trust or Rushmore. Christiana Trust also failed to submit any domestic return receipts or other documentation proving the purported mailings (see Bank of New York Mellon v Stewart, 216 AD3d 720; U.S. Bank N.A. v Offley, 170 AD3d 1240).
Contrary to the plaintiff's contention, the defendant is not precluded, under the doctrines of collateral estoppel or law of the case, from raising issues previously raised in opposition to Christiana Trust's motion, inter alia, for summary judgment, including the failure to comply with conditions precedent to foreclosure, since the appeal from the order and judgment of foreclosure and sale brings up for review the orders entered May 11, 2018, which necessarily affected the order and judgment of foreclosure and sale (see CPLR 5015[a][1]; MTGLQ Invs., L.P. v Cutaj, 202 AD3d 778, 779).
Accordingly, since Christiana Trust failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Furthermore, the order and judgment of foreclosure and sale should not have been entered (see U.S. Bank N.A. v Tesoriero, 204 AD3d 1066, 1069).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court