Deutsche Bank Natl. Trust Co. v Palomaria (2024 NY Slip Op 04374)

Deutsche Bank Natl. Trust Co. v Palomaria

2024 NY Slip Op 04374

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-08140
 (Index No. 707882/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Oscar H. Palomaria, et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Oscar H. Palomaria, John S. Palomaria, and Maryann S. Palomaria appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 22, 2020. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered October 5, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Oscar H. Palomaria, John S. Palomaria, and Maryann S. Palomaria and for an order of reference, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Oscar H. Palomaria, John S. Palomaria, and Maryann S. Palomaria and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the order entered October 5, 2018, is modified accordingly.
The plaintiff commenced this action against, among others, the defendants Oscar H. Palomaria, John S. Palomaria, and Maryann S. Palomaria (hereinafter collectively the defendants) to foreclose a mortgage on certain real property located in Queens. The defendants interposed an answer, in which they asserted as an affirmative defense that the plaintiff failed to provide certain required notices before commencing this action. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order entered October 5, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order and judgment of foreclosure and sale entered January 22, 2020, the court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition (see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1050; U.S. Bank, N.A. v Akbar, 221 AD3d 1045, 1048; U.S. Bank N.A. v Kissi, 219 AD3d 1551, 1554). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1236).
Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304. In order to evidence the mailing of the 90-day notices, the plaintiff proffered the affidavit of Trey Cook, a document execution specialist employed by the plaintiff's loan servicer, Nationstar Mortgage, LLC (hereinafter Nationstar), which was insufficient to establish compliance with RPAPL 1304. While Cook averred that he had personal knowledge of Nationstar's business records and further averred that according to the business records he reviewed, 90-day notices were served via certified and first class mail at the mortgaged premises and last known address of the borrower, he did not attest that he was familiar with the standard office mailing procedures of Walz Group, Inc. (hereinafter Walz), the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff. Thus, Cook's affidavit did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720-721; U.S. Bank N.A. v Adams, 202 AD3d 867, 869; Citimortgage, Inc. v Leitman, 201 AD3d 864, 866). Further, Cook's affidavit failed to address the nature of Nationstar's relationship with Walz and whether Walz's records were incorporated into Nationstar's own records or routinely relied upon in its business (see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; U.S. Bank N.A. v Adams, 202 AD3d at 869; Bank of Am., N.A. v Evanson, 199 AD3d 973, 975). Thus, Cook's affidavit failed to lay a foundation for the admission of a transaction report generated by Walz (see CPLR 4518 [a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210). Finally, the tracking numbers on the copies of the 90-day notices submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304 (see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 760).
As the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court