U.S. Bank N.A. v Nahum (2024 NY Slip Op 05581)

U.S. Bank N.A. v Nahum

2024 NY Slip Op 05581

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2020-01399
2020-01400
 (Index No. 512110/14)

[*1]U.S. Bank National Association, respondent, 
v
Milene Nahum, appellant, et al., defendants.

Law Offices of Morris Fateha, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Woods Oviatt Gilman, LLP, Rochester, NY (David Wildermuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Milene Nahum appeals from two orders of the Supreme Court, Kings County (Noach Dear, J.), both dated September 4, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Milene Nahum, to strike her answer and affirmative defenses, and for an order of reference are denied.
The plaintiff commenced this action against, among others, the defendant Milene Nahum (hereinafter the defendant) to foreclose a consolidated mortgage on certain real property located in Brooklyn. The defendant interposed an answer in which she asserted, as an affirmative defense, inter alia, that the plaintiff failed to provide certain required notices before commencing this action. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference. By order dated September 4, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In a second order dated September 4, 2019, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to it. The defendant appeals from both orders.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Palomaria, ____ AD3d ____, ____, 2024 NY Slip Op 04374, *1 [2d Dept]; see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1050). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee [*2]or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "'RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage'" (Deutsche Bank Natl. Trust Co. v Palomaria, ____ AD3d at ____, 2024 NY Slip Op 04374, *1, quoting Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure"' (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1236).
Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304. To that end, the plaintiff submitted an affidavit of Sarah L. Stonehocker, a vice president of loan documentation employed by the plaintiff's loan servicer, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), with attachments, which were insufficient to establish compliance with RPAPL 1304. While Stonehocker averred that she had personal knowledge of Wells Fargo's business records and that, according to the business records she reviewed, 90-day notices were served via certified and first-class mail at the subject property, Stonehocker did not attest that she was familiar with the standard office mailing procedures of LenderLive, LLC (hereinafter LenderLive), the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff. Thus, Stonehocker's "affidavit did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed" (Deutsche Bank Natl. Trust Co. v Palomaria, ____ AD3d at ____, 2024 NY Slip Op 04374, *1; see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720-721; U.S. Bank N.A. v Adams, 202 AD3d 867, 869).
Moreover, Stonehocker's affidavit failed to address the nature of Wells Fargo's relationship with LenderLive and whether LenderLive's records were incorporated into Wells Fargo's own records or routinely relied upon in its business (see Deutsche Bank Natl. Trust Co. v Palomaria, ____ AD3d at ____, 2024 NY Slip Op 04374, *1; US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; U.S. Bank N.A. v Adams, 202 AD3d at 869). Thus, Stonerhocker's affidavit failed to lay a foundation for the admission of a transaction report generated by LenderLive (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210). "Finally, the tracking numbers on the copies of the 90-day notices submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304" (Deutsche Bank Natl. Trust Co. v Palomaria, ____ AD3d at ____, 2024 NY Slip Op 04374, *1; see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 760).
As the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Green Tree Servicing, LLC v Helmsorig, 227 AD3d 1053, 1056).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court