Heartwood 2, LLC v DeBrosse (2021 NY Slip Op 04965)





Heartwood 2, LLC v DeBrosse


2021 NY Slip Op 04965


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-01391
 (Index No. 4134/15)

[*1]Heartwood 2, LLC, respondent, 
v
Sophia DeBrosse, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (James Tierney, Serge F. Petroff, and Steven Amshen of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite, Joseph S. Jacobs, and Kerren Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sophia DeBrosse appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 17, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sophia DeBrosse, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sophia DeBrosse, to strike that defendant's answer, and for an order of reference are denied.
In March 2003, the defendant Sophia DeBrosse (hereinafter the defendant) executed a note in the sum of $372,000 in favor of Golden First Mortgage Corp. The note was secured by a mortgage on real property located in Garden City. By assignment and assumption dated November 27, 2012, the mortgage was assigned to the plaintiff.
In May 2015, the plaintiff commenced this action to foreclose the mortgage alleging, inter alia, that the defendant had defaulted in making her mortgage payment due in November 2010, and all payments due thereafter. In her answer, the defendant asserted various affirmative defenses and interposed counterclaims. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order entered December 17, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendant appeals.
RPAPL 1304 provides that, with regard to a home loan, a lender, assignee, or mortgage loan servicer must give notice to the borrower at least 90 days before commencing any legal action, including mortgage foreclosure (see RPAPL 1304[1]). The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and if different, to the residence that is the subject of the mortgage" (id. § 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the [*2]commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see CIT Bank N.A. v Schiffman, 36 NY3d 550; Nationstar Mtge., LLC v Paganini, 191 AD3d 790; Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Here, the plaintiff failed to demonstrate, prima facie, that it strictly complied with RPAPL 1304. Contrary to the plaintiff's contention, the affidavit of Jacqueline Luhmann, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer, was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304. While Luhmann averred that she had personal knowledge of Wells Fargo's recordkeeping practices and standard office mailing procedures, she did not attest that she was familiar with the recordkeeping practices and standard office mailing procedures of Walz Group, Inc. (hereinafter Walz), the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff. Thus, Luhmann did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Ridgewood Sav. Bank v Van Amerongen, 189 AD3d 1639, 1640; JPMorgan Chase Bank, N.A. v Gold, 188 AD3d 1019, 1021; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016). Further, the plaintiff failed to address the nature of Wells Fargo's relationship with Walz and whether Walz's records were incorporated into Wells Fargo's own records or routinely relied upon in its business (see U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757-758; see also US Bank N.A. v Hunte, 176 AD3d 894, 896).
For the same reason, the plaintiff failed to establish, prima facie, that a notice of default in accordance with section 22 of the mortgage was properly transmitted to the defendant prior to the commencement of this action (see Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 970; U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 943).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court