Wilmington Sav. Fund Socy., FSB v Novis (2021 NY Slip Op 06720)





Wilmington Sav. Fund Socy., FSB v Novis


2021 NY Slip Op 06720


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-03869
 (Index No. 11781/11)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Jeffrey Novis, appellant, et al., defendants.


Jay A. Press, P.C., Plainview, NY (Ray E. Shain of counsel), for appellant.
Kosterich & Skeete, LLC, Tuckahoe, NY (Denise Singh Skeete of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jeffrey Novis appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Anna R. Anzalone, J.), entered May 30, 2019. The judgment of foreclosure and sale, upon an order of the same court (Thomas A. Adams, J.) dated January 31, 2019, inter alia, in effect, denying that branch of the motion of the defendant Jeffrey Novis which was for summary judgment dismissing the complaint insofar as asserted against him and granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, confirmed a referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Jeffrey Novis and for an order of reference are denied, and the order dated January 31, 2019, is modified accordingly.
In September 2007, the defendant Jeffrey Novis (hereinafter the defendant) executed a note in the sum of $772,000 in favor of JPMorgan Chase Bank, N.A. (hereinafter JPMorgan), which was secured by a mortgage on certain real property in Woodbury. In August 2011, JPMorgan commenced this action to foreclose the mortgage against, among others, the defendant.
Thereafter, Wilmington Savings Fund, Society, FSB (hereinafter Wilmington), as the alleged holder of the subject note and mortgage, moved, inter alia, to be substituted as plaintiff in this action, for summary judgment on the complaint insofar as asserted against the defendant, and for an order of reference. In an order dated June 3, 2015, the Supreme Court denied Wilmington's motion, without prejudice. The court determined, among other things, that Wilmington failed to establish, prima facie, its compliance with RPAPL 1304. Wilmington then moved for leave to renew and reargue its prior motion. In an order dated November 12, 2015, the court granted Wilmington's motion for leave to renew and reargue, and, upon renewal and reargument, vacated the order dated June 3, 2015, and thereupon granted Wilmington's motion, inter alia, for summary judgment and an order of reference. In a decision and order dated January 17, 2018, this Court reversed the order dated November 12, 2015, denied Wilmington's motion for leave to renew and reargue, and reinstated the order dated June 3, 2015 (see JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, [*2]777-778).
Thereafter, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, arguing, among other things, that Wilmington failed to establish compliance with RPAPL 1304. Wilmington cross-moved, inter alia, to be substituted as the plaintiff in this action, for summary judgment on the complaint insofar as asserted against the defendant, and for an order of reference. In support of the cross motion, Wilmington submitted the affidavit of Elizabeth Gonzales, an employee of Wilmington's loan servicer, Carrington Mortgage Services, LLC (hereinafter Carrington). Gonzales averred, among other things, that on April 1, 2011, JPMorgan mailed a 90-day notice by certified and first-class mail to the mortgaged premises and to the defendant's last known address in accordance with RPAPL 1304. In an order dated January 31, 2019, the Supreme Court, inter alia, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against him, and granted Wilmington's cross motion, among other things, to be substituted as the plaintiff, for summary judgment on the complaint insofar as asserted against the defendant, and for an order of reference. On May 30, 2019, the court entered a judgment of foreclosure and sale which confirmed a referee's report and directed the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in entertaining Wilmington's cross motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. Since the order dated June 3, 2015, denied Wilmington's prior motion, among other things, for summary judgment without prejudice, the subject cross motion did not offend the rule against successive motions for summary judgment (see Greene v Sager, 78 AD3d 777, 778).
However, contrary to Wilmington's contention, the Supreme Court erred in granting those branches of its cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, although Gonzales stated in her affidavit that RPAPL 1304 notices were mailed by certified and first-class mail, and attached copies of those notices, Wilmington failed to attach any documents showing that the mailings actually happened (see PennyMac Corp. v Khan, 178 AD3d 1064, 1066). Further, Gonzales did not aver that she had personal knowledge of the purported mailings, and did not describe any standard office procedure designed to ensure that notices are properly addressed and mailed (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 760; Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 912). Accordingly, Wilmington failed to establish, prima facie, compliance with RPAPL 1304, and thus, the Supreme Court should have denied those branches of Wilmington's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against him, as he failed to demonstrate, as a matter of law, that the plaintiff did not comply with RPAPL 1304 (see US Bank N.A. v Gurung, 196 AD3d 617, 618).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court