Raymond James Bank, NA v Guzzetti (2022 NY Slip Op 00888)





Raymond James Bank, NA v Guzzetti


2022 NY Slip Op 00888


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-12144 
2019-14400
 (Index No. 603998/15)

[*1]Raymond James Bank, NA, respondent,
v
John Guzzetti, appellant, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
McCabe, Weisberg & Conway, LLC, Melville, NY (Edward Rugino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Guzzetti appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 24, 2018, and (2) a judgment of foreclosure and sale of the same court dated November 14, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference. The judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John Guzzetti, to strike his answer, and for an order of reference are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant John Guzzetti.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In April 2015, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant John Guzzetti (hereinafter the defendant). In his answer, the defendant asserted several affirmative defenses, including lack of standing, failure to comply with RPAPL 1304, and failure to comply with the default notice provisions of the mortgage. In February 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against [*2]the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated May 24, 2018, the Supreme Court, among other things, granted the plaintiff's motion and denied the defendant's cross motion. In a judgment of foreclosure and sale dated November 14, 2019, the court, inter alia, directed the sale of the subject property. The defendant appeals.
Generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, the plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 619). Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action" (US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103; see PennyMac Corp. v Chavez, 144 AD3d 1006, 1007).
The Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and related relief, as the plaintiff failed to establish, prima facie, that it had standing to commence this action. Although the plaintiff attached to the complaint copies of the note and an undated purported allonge endorsed in blank, the plaintiff did not demonstrate that the purported allonge, which was on a piece of paper completely separate from the note, was "so firmly affixed thereto as to become a part thereof," as required by UCC 3-202(2) (see Wells Fargo Bank, N.A. v Maleno-Fowler, 194 AD3d 1094, 1095; LNV Corp. v Almberg, 194 AD3d 703, 704; Citimortgage, Inc. v Ustick, 188 AD3d 793, 795; U.S. Bank N.A. v Moulton, 179 AD3d 734, 738).
In addition, the plaintiff failed to demonstrate, prima facie, that a notice of default in accordance with sections 15 and 22 of the mortgage was properly transmitted to the defendant prior to the commencement of this action (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251; Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982, 983).
Moreover, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. The plaintiff failed to provide proof of the actual mailing of the 90-day notice required by RPAPL 1304, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Herzberg, 180 AD3d 952, 953-954). Further, although Victoria Wolff, an assistant secretary for the plaintiff, stated in an affidavit that the notices required under RPAPL 1304 were mailed, she did not aver that she had mailed the notices herself or otherwise claim to have personal knowledge of the mailing (see Central Mtge. Co. v Canas, 173 AD3d 967, 969).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court