US Bank N.A. v Okoye-Oyibo (2023 NY Slip Op 00457)

US Bank N.A. v Okoye-Oyibo

2023 NY Slip Op 00457

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-13944
 (Index No. 513557/18)

[*1]US Bank National Association, etc., appellant,
v
Patricia Okoye-Oyibo, etc., respondent, et al., defendants.

J. Robbin Law, PLLC, Armonk, NY (Jacquelyn A. DiCicco of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated October 10, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Patricia Okoye-Oyibo and dismissing her affirmative defenses and counterclaims, for an order of reference, for leave to amend the caption to substitute Magda Delly, Nixon Delly, Sarrah-Jeen Delly, Victoria Delly, Monique Simmonds, Lorna Hughes, Cleveland Flowers, Hakeem Flowers, and Dominique Flowers for the "Doe" defendants, and for leave to enter a default judgment against all nonappearing defendants.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the affirmative defenses of the defendant Patricia Okoye-Oyibo other than those alleging lack of standing and failure to comply with conditions precedent, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaims of the defendant Patricia Okoye-Oyibo, and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to amend the caption to substitute Magda Delly, Nixon Delly, Sarrah-Jeen Delly, Victoria Delly, Monique Simmonds, Lorna Hughes, Cleveland Flowers, Hakeem Flowers, and Dominique Flowers for the "Doe" defendants, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The defendant Patricia Okoye-Oyibo (hereinafter the defendant) executed a note that was secured by a mortgage on real property located in Brooklyn. Subsequently, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer in which she asserted various affirmative defenses, including that the plaintiff lacked standing and failed to comply with conditions precedent, and also asserted counterclaims. The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defenses and counterclaims, for an order of reference, for leave to amend the caption to substitute certain persons for the "Doe" defendants, and for leave to enter a default judgment against all nonappearing defendants. In an order dated October 10, 2019, the Supreme Court, among other things, denied the plaintiff's motion. The plaintiff appeals.
"Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie [*2]entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871). "Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (id. at 872).
Here, the plaintiff failed to establish, prima facie, the defendant's default or the plaintiff's standing to commence the action. "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action" (US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103; see Raymond James Bank, NA v Guzzetti, 202 AD3d 841, 843). Although the plaintiff attached to the complaint copies of the note and a chain of purported allonges ending with an undated purported allonge endorsed in blank, the plaintiff did not demonstrate that the purported allonges, which were on pieces of paper completely separate from the note, were "so firmly affixed thereto as to become a part thereof," as required by UCC 3-202(2) (see Raymond James Bank, NA v Guzzetti, 202 AD3d at 843; Wells Fargo Bank, N.A. v Maleno-Fowler, 194 AD3d 1094, 1095; Citimortgage, Inc. v Ustick, 188 AD3d 793, 795). None of the pieces of paper in the record comprising the note or the allonges bore any markings of having ever been attached to one another. Further, although the plaintiff submitted the affidavit of Alfreda Johnson, a foreclosure specialist for Fay Servicing, LLC (hereinafter Fay), the plaintiff's loan servicer, who averred that Fay's records evinced that the plaintiff was in physical possession of the note prior to commencement of the action, and that the defendant had defaulted in making required payments, Johnson relied entirely upon her review of Fay's records. Johnson "failed to identify the records upon which she relied in making the statements, and the plaintiff failed to submit copies of the records themselves" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 763; see Deutsche Bank Natl. Trust Co. v Motzen, 207 AD3d 434, 436; 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741), rendering the averments hearsay.
Additionally, the plaintiff failed to demonstrate, prima facie, that it complied with notice requirements. Contrary to the plaintiff's contention, Johnson's affidavit was insufficient to establish that notice was sent to the defendant in the manner required by RPAPL 1304. While Johnson averred that she had personal knowledge of Fay's standard office mailing procedures, she did not attest that she was familiar with the standard office mailing procedures of LenderLive, LLC (hereinafter LenderLive), the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff. Thus, Johnson's affidavit did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Adams, 202 AD3d 867, 869; Citimortgage, Inc. v Leitman, 201 AD3d 864, 866). Further, Johnson's affidavit failed to address the nature of Fay's relationship with LenderLive and whether LenderLive's records were incorporated into Fay's own records or routinely relied upon in its business (see U.S. Bank N.A. v Adams, 202 AD3d at 869; Bank of Am., N.A. v Evanson, 199 AD3d 973, 975). Thus, Johnson's affidavit failed to lay a foundation for admission of the transaction report generated by LenderLive (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210). Finally, the tracking numbers on the copies of the 90-day notices submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304 (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 760; Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1129). For the same reasons, the plaintiff failed to establish, prima facie, that a notice of default in accordance with sections 15 and 22 of the mortgage was properly transmitted to the defendant prior to the commencement of this action (see Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1154; Wilmington Sav. Fund Socy., FSB v Stern, 187 AD3d 969, 970).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defenses alleging lack of standing and failure to comply with conditions precedent, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment dismissing the defendant's affirmative defenses other than those alleging lack of standing and failure to comply with conditions precedent, as well as the defendant's counterclaims. The plaintiff demonstrated, prima facie, that those affirmative defenses [*3]and counterclaims were waived, were without merit, or were conclusory in nature and contained no factual allegations (see CPLR 3211[e]; Countrywide Home Loans Servicing, L.P. v Vorobyov, 188 AD3d 803, 805). In opposition, the defendant failed to raise a triable issue of fact.
Further, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to amend the caption to substitute certain persons for the "Doe" defendants (see CPLR 1024; TCIF REO GCM, LLC v Walker, 139 AD3d 704, 706).
The plaintiff's remaining contention is without.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court