Star201, LLC v Duran (2024 NY Slip Op 06073)

Star201, LLC v Duran

2024 NY Slip Op 06073

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-08983
 (Index No. 712477/21)

[*1]Star201, LLC, appellant, 
v
Juan F. Duran, respondent, et al., defendants.

Richland & Falkowski PLLC, Washingtonville, NY (Daniel Richland and Michal Falkowski of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered September 23, 2022. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Juan F. Duran and dismissing his affirmative defenses, to strike that defendant's answer, for leave to enter a default judgment against all nonappearing and nonanswering defendants, to amend the caption to substitute Tony Perez for the defendant John Doe No. 1 and to delete the defendants John Doe No. 2 through John Doe No. 99, and for an order of reference.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment dismissing the affirmative defenses of the defendant Juan F. Duran other than the affirmative defense alleging lack of standing, for leave to enter a default judgment against all nonappearing and nonanswering defendants, and for leave to amend the caption to substitute Tony Perez for the defendant John Doe No. 1 and to delete the defendants John Doe No. 2 through John Doe No. 99, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In July 2006, the defendant Juan F. Duran executed a note in favor of Countrywide Bank, N.A. The note was secured by a mortgage on certain property located in Howard Beach.
In June 2021, the plaintiff commenced this action against Duran, among others, to foreclose the mortgage. Duran interposed an answer asserting various affirmative defenses, including lack of standing. The plaintiff subsequently moved for summary judgment on the complaint insofar as asserted against Duran and dismissing his affirmative defenses, to strike his answer, for leave to enter a default judgment against all nonappearing and nonanswering defendants, to amend the caption to substitute Tony Perez for the defendant John Doe No. 1 and to delete the defendants John Doe No. 2 through John Doe No. 99, and for an order of reference. Duran opposed the motion. In an order entered September 23, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A plaintiff has standing to commence a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff can establish standing by attaching a properly endorsed note to the complaint when commencing the action (see U.S. Bank N.A. v Hadar, 206 AD3d 688, 689; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). As relevant here, the "'indorsement must be . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof'" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515-1516, quoting UCC 3-202[2]).
Here, in support of its motion, the plaintiff argued that it established its standing as the holder of the note by annexing a copy of the note, endorsed in blank, to the complaint. However, contrary to the plaintiff's contention, it cannot be ascertained from the copy of the note annexed to the complaint whether the separate page that bears the endorsement in blank was stamped on the back of the note or on an allonge (see Deutsche Bank Natl. Trust Co. v Motzen, 207 AD3d 434, 435). If the endorsement was on an allonge, the plaintiff was obligated to establish that the allonge was "so firmly affixed [to the note] as to become a part thereof" (UCC 3-202[2]). While the plaintiff additionally submitted an attorney-certified copy of the note and an affirmation of its attorney, who asserted that the endorsement was on the back of the signature page of the note, unlike a properly endorsed note attached to the complaint, the attorney's affirmation and the certified copy of the note, first submitted with the plaintiff's motion, did not establish that the plaintiff possessed this properly endorsed note at the time it commenced the action (see Wells Fargo Bank, N.A. v Malek, 199 AD3d 1040, 1042).
Moreover, an affidavit of a representative of the plaintiff's loan servicer also failed to establish the plaintiff's standing as the holder of the note at the time the action was commenced. The affiant stated, based upon her examination of unspecified "business records" related to the mortgage loan, that the "[p]laintiff is the holder of the Note and was in possession of the Note and Mortgage prior to the commencement of this action." However, the affiant failed to annex the cited business records to her affidavit. As such, the averments regarding the plaintiff's possession of the note were inadmissible hearsay (see Deutsche Bank Natl. Trust Co. v Motzen, 207 AD3d at 436).
Accordingly, since the plaintiff failed to establish, prima facie, its standing, the Supreme Court properly denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against Duran and dismissing his affirmative defense alleging lack of standing, and for an order of reference, regardless of the sufficiency of Duran's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing Duran's affirmative defenses other than the affirmative defense alleging lack of standing. The plaintiff demonstrated, prima facie, that those affirmative defenses were waived, were without merit, or were conclusory in nature and contained no factual allegations (see CPLR 3211[e]; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 721-722). In opposition, Duran failed to raise a triable issue of fact.
Further, the Supreme Court erred in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against all nonanswering and nonappearing parties. An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defaulting defendant's failure to answer or appear (see Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138, 1141). To demonstrate the facts constituting the cause of action, the plaintiff "need only allege enough facts to enable a court to determine that a viable cause of action exists," because "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71). Here, the plaintiff satisfied these requirements (see Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d at 1141).
Finally, the Supreme Court should have granted that branch of the plaintiff's motion [*2]which was for leave to amend the caption to substitute Tony Perez for the defendant John Doe No. 1 and to delete the defendants John Doe No. 2 through John Doe No. 99 (see CPLR 1024; US Bank N.A. v Okoye-Oyibo, 213 AD3d at 722; TCIF REO GCM, LLC v Walker, 139 AD3d 704, 706).
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court