Wells Fargo Bank, N.A. v Murray (2025 NY Slip Op 02960)

Wells Fargo Bank, N.A. v Murray

2025 NY Slip Op 02960

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-07658
 (Index No. 601127/16)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Brendan E. Murray, etc., appellant, et al., defendants.

Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
J. Robbin Law, PLLC, Armonk, NY (Jonathan M. Robbin and Austin O'Brien of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Brendan E. Murray appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 19, 2022. The order and judgment of foreclosure and sale, upon (1) an order of the same court (William G. Ford, J.) dated June 21, 2018, inter alia, granting those branches of the plaintiff's motion which were to strike that defendant's sixth and seventh affirmative defenses, and (2) two orders of the same court (Thomas F. Whelan, J.), both dated February 2, 2022, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were to strike the sixth and seventh affirmative defenses of the defendant Brendan E. Murray are denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Brendan E. Murray and for an order of reference are denied, and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated June 21, 2018, and the orders dated February 2, 2022, are modified accordingly.
The plaintiff commenced this action against, among others, the defendant Brendan E. Murray (hereinafter the defendant) to foreclose a mortgage on certain real property located in Patchogue. The defendant interposed an answer in which he asserted, inter alia, a fifth affirmative defense, alleging that the plaintiff failed to comply with RPAPL 1306, a sixth affirmative defense, alleging that the plaintiff failed to comply with a condition precedent contained in the mortgage agreement requiring the service of a notice of default, and a seventh affirmative defense, alleging that the plaintiff failed to comply with RPAPL 1304.
The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his affirmative defenses, and for an order of reference. In an order dated June 21, 2018, the Supreme Court granted those branches of the motion [*2]which were to strike the defendant's affirmative defenses and denied the remaining branches of the motion with leave to renew. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In two orders, both dated February 2, 2022, the court, among other things, granted those branches of the motion. In an order and judgment of foreclosure and sale dated August 19, 2022, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its compliance with RPAPL 1306 by submitting a copy of a proof of filing statement from the New York State Department of Financial Services (see Ditech Servicing, LLC v McFadden, 217 AD3d 923, 927; U.S. Bank Tr., N.A. v Chiramannil, 205 AD3d 966, 967-968). In opposition, the defendant failed to raise a triable issue of fact.
The plaintiff, however, failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 and the notice of default provisions of the mortgage agreement. "Pursuant to RPAPL 1304(1) and (2), at least 90 days before the commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Bank of N.Y. Mellon v Basta, 205 AD3d 664, 665). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1110; see U.S. Bank, N.A. v Akbar, 221 AD3d 1045, 1048). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
Here, contrary to the plaintiff's contention, an affidavit of Brandon McNeal, a vice president of loan documentation for the plaintiff, was insufficient to establish that the RPAPL 1304 notice was sent to the defendant in the manner required by the statute. While McNeal averred that he had personal knowledge of the plaintiff's record-keeping practices and standard office mailing procedures, he did not attest that he was familiar with the standard office mailing procedures of Walz Group, Inc. (hereinafter Walz), the third-party vendor that apparently sent the RPAPL 1304 notice on behalf of the plaintiff. Thus, McNeal's affidavit did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d at 1111; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720-721; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1153). Further, McNeal's affidavit failed to address the nature of the plaintiff's relationship with Walz and whether Walz's records were incorporated into the plaintiff's own records or routinely relied upon in its business (see Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d at 1111; US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; Heartwood 2, LLC v DeBrosse, 197 AD3d at 1153). Consequently, McNeal's affidavit failed to lay a foundation for the admission of a transaction report generated by Walz (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210).
For the same reasons, the plaintiff failed to establish, prima facie, that the notice of default in accordance with sections 14 and 21 of the mortgage agreement was properly transmitted to the defendant prior to the commencement of this action (see Heartwood 2, LLC v DeBrosse, 197 AD3d at 1154; U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012).
Accordingly, since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied those branches of the plaintiff's motion which were to strike the defendant's sixth and seventh affirmative defenses, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of [*3]reference, and its motion to confirm the referee's report and for a judgment of foreclosure and sale, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court