U.S. Bank N.A. v Bravo (2025 NY Slip Op 02953)

U.S. Bank N.A. v Bravo

2025 NY Slip Op 02953

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-08056
 (Index No. 510174/15)

[*1]U.S. Bank National Association, etc., plaintiff- respondent, 
v
Victoriano Bravo, appellant, et al., defendants; Bank of America, N.A., nonparty-respondent.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
Knuckles & Manfro, LLP, Tarrytown, NY (Louis A. Levithan of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Victoriano Bravo appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 10, 2023. The order and judgment of foreclosure and sale, upon an order of the same court (Noach Dear, J.) dated February 11, 2019, inter alia, granting those branches of the motion of Bank of America, N.A., which were for summary judgment on the complaint insofar as asserted against the defendant Victoriano Bravo and for an order of reference, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the motion of Bank of America, N.A., which were for summary judgment on the complaint insofar as asserted against the defendant Victoriano Bravo and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated February 11, 2019, is modified accordingly.
In June 2003, the defendant Victoriano Bravo (hereinafter the defendant) executed a note in favor of Countrywide Home Loans, Inc., which was secured by a mortgage on certain real property located in Brooklyn (hereinafter the property). The defendant allegedly defaulted on the monthly payments due under the note and mortgage on October 1, 2011, and thereafter. The mortgage was subsequently assigned to Bank of America, N.A. (hereinafter Bank of America), on October 3, 2011. RPAPL 1304 notices allegedly were sent to the defendant at the property via first-class mail and certified mail on January 2, 2015. Bank of America thereafter commenced this action to foreclose the mortgage on August 18, 2015.
On August 23, 2017, Bank of America moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated January 17, 2018, the Supreme Court, among other things, denied Bank of America's motion [*2]without prejudice. The court determined that Bank of America failed to establish that the RPAPL 1304 notices were properly sent to the defendant.
On August 30, 2018, Bank of America made a second motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and to amend the caption to substitute U.S. Bank National Association (hereinafter U.S. Bank) as the plaintiff. In an order dated February 11, 2019, the Supreme Court granted Bank of America's motion and amended the caption to substitute U.S. Bank as the plaintiff. On May 10, 2023, the court entered an order and judgment of foreclosure and sale, upon the order dated February 11, 2019, granting U.S. Bank's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directing the sale of the property. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly entertained Bank of America's second motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. Since the order dated January 17, 2018, denied Bank of America's prior motion, among other things, for summary judgment without prejudice, Bank of America's second motion "did not offend the rule against successive motions for summary judgment" (Wilimington Sav. Fund Socy., FSB v Novis, 200 AD3d 739, 741; see Greene v Sager, 78 AD3d 777, 778).
The Supreme Court, however, should have denied those branches of Bank of America's second motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. "RPAPL 1304(1) provides that at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan," the borrower must be given notice (Bank of Am., N.A. v Palacio, 187 AD3d 693, 696). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Bank of Am., N.A. v Palacio, 187 AD3d at 696 [internal quotation marks omitted]). Strict compliance with RPAPL 1304 is required (see U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804).
Here, the affidavits submitted in support of Bank of America's second motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant did not establish the affiants' personal knowledge of the standard office mailing procedures of LenderLive, the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of Bank of America (see U.S. Bank N.A. v Nahum, 232 AD3d 715, 717; U.S. Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720-722). The affidavits also "failed to address the nature of [Bank of America's] relationship with LenderLive and whether LenderLive's records were incorporated into [Bank of America's] own records or routinely relied upon in its business" (U.S. Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; see U.S. Bank N.A. v Nahum, 232 AD3d at 717). Bank of America thus "failed to lay a foundation for the admission of the transaction report generated by LenderLive" (U.S. Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; see U.S. Bank N.A. v Nahum, 232 AD3d at 717). Accordingly, Bank of America failed to establish its strict compliance with RPAPL 1304 (see U.S. Bank N.A. v Nahum, 232 AD3d at 717; U.S. Bank N.A. v Okoye-Oyibo, 213 AD3d at 721). Therefore, the Supreme Court should have denied those branches of Bank of America's second motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
Accordingly, we reverse the order and judgment of foreclosure and sale, deny U.S. Bank's motion to confirm the referee's report and for a judgment of foreclosure and sale, and deny those branches of Bank of America's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court