Nationstar Mtge., LLC v Ricks (2025 NY Slip Op 04728)

Nationstar Mtge., LLC v Ricks

2025 NY Slip Op 04728

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-11049
 (Index No. 135076/19)

[*1]Nationstar Mortgage, LLC, etc., respondent,
v
Joseph Ricks, etc., et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney, Jill Schaefer, and Steven Amshen of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLP, New York, NY (Adam D. Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Ricks and Melissa Ricks appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated September 26, 2024. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated September 8, 2022, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Ricks, for an order of reference, and for leave to enter a default judgment against the defendant Melissa Ricks, and upon an order of the same court dated March 12, 2024, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross-motion of the defendants Joseph Ricks and Melissa Ricks to toll the accrual of interest from March 20, 2020, through November 3, 2020, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph Ricks and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated September 8, 2022, and March 12, 2024, are modified accordingly.
In February 2019, the plaintiff commenced this action against, among others, the defendants Joseph Ricks (hereinafter Joseph) and Melissa Ricks (hereinafter Melissa and, together with Joseph, the defendants) to foreclose a mortgage on certain real property located in Staten Island. Joseph interposed an answer to the complaint, but Melissa failed to answer the complaint.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Joseph, the only answering defendant, for leave to enter a default judgment against Melissa, and for an order of reference. The defendants opposed the motion. In an order dated September 8, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In August 2023, the plaintiff moved to confirm a referee's report and for a judgment of [*2]foreclosure and sale. The defendants opposed the motion and cross-moved to toll the accrual of interest from March 20, 2020, through November 3, 2020, for delays due to the COVID-19 pandemic. In an order dated March 12, 2024, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion.
In an order and judgment of foreclosure and sale dated September 26, 2024, the Supreme Court, inter alia, confirmed the referee's report and directed the sale of the property. The defendants appeal.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see PNC Bank, N.A. v Mone, 231 AD3d 977, 977-978; U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d 890, 891 [internal quotation marks omitted]). "Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (U.S. Bank N.A. v Tiburcio, 197 AD3d 528, 530). However, "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Homebridge Fin. Servs., Inc. v Mauras, 201 AD3d at 891 [internal quotation marks omitted]; see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759; Citigroup v Kopelowitz, 147 AD3d 1014, 1015).
Here, in support of those branches of its motion which were for summary judgment on the complaint insofar as asserted against Joseph and for an order of reference, the plaintiff submitted an affidavit of Connie Melendez, an employee of the plaintiff. Contrary to the plaintiff's contention, Melendez's affidavit failed to establish that notice was sent to Joseph in the manner required by RPAPL 1304. While Melendez averred that she had personal knowledge of the plaintiff's standard office mailing procedures and described those purported procedures, she acknowledged that the mailings were carried out "by and through [the plaintiff's] agents." However, Melendez did not identify who those agents were or attest that she was familiar with their standard office mailing procedures. Thus, Melendez's affidavit did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Nahum, 232 AD3d 715, 717; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720-721; U.S. Bank N.A. v Adams, 202 AD3d 867, 869). Further, Melendez's affidavit failed to address the nature of the plaintiff's relationship with a certain third-party vendor and whether the third-party vendor's records were incorporated into the plaintiff's own records or routinely relied upon in the plaintiff's business (see U.S. Bank N.A. v Nahum, 232 AD3d at 717; US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; U.S. Bank N.A. v Adams, 202 AD3d at 869). Thus, Melendez's affidavit failed to lay a foundation for the admission of a transaction report generated by the third-party vendor (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210). Finally, "the tracking numbers on the copies of the . . . notices submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304" (U.S. Bank N.A. v Nahum, 232 AD3d at 717 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1111). Likewise, a "Proof of Filing Statement" from the New York State Banking Department pursuant to RPAPL 1306 failed to establish, prima facie, the plaintiff's compliance with the requirements of RPAPL 1304 (see JPMorgan Chase Bank, N.A. v Gershfeld, 187 AD3d 1003, 1005; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892). For the same reasons, the plaintiff failed to establish, prima facie, that a notice of default in accordance with sections 15 and 22 of the [*3]mortgage agreement was properly transmitted prior to the commencement of this action (see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1154).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Joseph and for an order of reference.
However, the Supreme Court providently exercised its discretion in denying the defendants' cross-motion to toll the accrual of interest from March 20, 2020, through November 3, 2020, when a series of executive orders tolled specific time limits prescribed by law (see Brash v Richards, 195 AD3d 582, 583). Those executive orders did not toll private obligations (see Prestige Deli & Grill Corp. v PLG Bedford Holdings, LLC, 213 AD3d 962, 963). In an action to foreclose a mortgage, which is an action of an equitable nature "the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d 1016, 1018 [internal quotation marks omitted]) or an "unexplained delay in prosecution of a mortgage foreclosure action" (GMAC Mtge., LLC v Yun, 206 AD3d 798, 799 [internal quotation marks omitted]), which is not apparent from this record.
The defendants' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court