Wilmington Sav. Fund Socy. v Rodriguez
2026 NY Slip Op 03473
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilmington Savings Fund Society, etc., respondent,
v
Tomas Rodriguez, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2023-08291, (Index No. 135046/18)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for appellant.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tomas Rodriguez appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated July 3, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and to strike that defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Tomas Rodriguez and to strike that defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference are denied.
The plaintiff commenced this action against, among others, the defendant Tomas Rodriguez (hereinafter the defendant) to foreclose a mortgage on certain real property located in Staten Island (hereinafter the property). The defendant interposed a verified answer in which he asserted affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to strike the defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff failed to demonstrate its strict compliance with RPAPL 1304. By order dated July 3, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see HSBC Bank USA, N.A. v Stein, 241 AD3d 661, 663; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL 1304(2) requires that notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the property (see U.S. Bank N.A. v Nahum, 232 AD3d 715, 716). A plaintiff can establish compliance with these mailing requirements by submitting "'proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone [*2]with personal knowledge of the procedure'" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21, quoting Bank of Am., N.A. v Bittle, 168 AD3d 656, 658).
Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 by submitting affidavits of Tynera McMillion, assistant vice president of Bank of America, N.A. (hereinafter Bank of America), the plaintiff's prior loan servicer, and Elizabeth Gonzales, default fulfillment manager at Carrington Mortgage Services, LLC (hereinafter Carrington), the plaintiff's loan servicer. While McMillion averred that she had personal knowledge of Bank of America's record-keeping practices and procedures, and that according to the business records she reviewed, 90-day notices were sent via certified and first-class mail to the property, McMillion did not attest that she was familiar with the standard office mailing procedures of LenderLive, LLC (hereinafter LenderLive), the third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff (see U.S. Bank N.A. v Bravo, 238 AD3d 935, 937; U.S. Bank N.A. v Nahum, 232 AD3d at 717). Likewise, while Gonzales averred that she had personal knowledge of Carrington's record-keeping practices and procedures, and that according to the business records she reviewed, 90-day notices were sent via certified and first-class mail to the property, Gonzales did not attest that she was familiar with the standard office mailing procedures of LenderLive. Therefore, the affidavits proffered by the plaintiff "'did not establish proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed'" (U.S. Bank N.A. v Nahum, 232 AD3d at 717, quoting Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1111). Moreover, the affidavits failed to address the nature of the plaintiff's relationship with LenderLive and whether LenderLive's records were incorporated into the plaintiff's own records or routinely relied upon in its business (see U.S. Bank N.A. v Bravo, 238 AD3d at 937; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 721). Thus, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court